## CARVALHO v. SUDDERLY. (No. 7808.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. REFORMATION OF INSTRUMENTS ⊂⊃18—MISTAKE—KNOWLEDGE OF LAW.
   The mere fact that plaintiff, seeking reformation of a mortgage, read the contract stipulating his liability, does not alone charge him as a matter of law with knowledge that it made him personally liable.

   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 72, 73; Dec. Dig. ⊂⊃18.]

2. MORTGAGES ⊂⊃556—AGREEMENT FOR MORTGAGE—CONSTRUCTION—SPECIAL CONDITIONS.
   Where a contract for a mortgage by its words contemplates that one party shall give the mortgage, but a provision is written in that he need not execute the bond therefor personally, the contract will not be construed as rendering him personally liable.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592–1595, 1597; Dec. Dig. ⊂⊃556.]

3. REFORMATION OF INSTRUMENTS ⊂⊃45—EVIDENCE—SUFFICIENCY.
   Evidence *held* to present a prima facie case that a mortgage did not express the true intention of the parties, so that dismissal of the complaint for its reformation was error.

   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 157–193; Dec. Dig. ⊂⊃45.]

   McLaughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by David N. Carvalho against Herbert E. Sudderly. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Leon Lauterstein, of New York City (A. S. Gilbert, of New York City, on the brief), for appellant.
S. S. Kogan, of New York City, for respondent.

LAUGHLIN, J. This is a suit in equity to reform a mortgage by eliminating a provision rendering the mortgagor personally liable for the indebtedness secured thereby. It appears that the defendant was desirous of selling his premises, No. 131 West 103d street, and he advertised them for sale. According to his testimony, taken on an order for his examination before trial, it appears that after advertising the premises he received a letter from the plaintiff's broker, and had an interview with the broker and two interviews with the plaintiff; that they came to an understanding with respect to an exchange of the defendant's premises for premises, known as No. 263 East 122d street, owned by the plaintiff, and went to the office of the defendant's attorney, who reduced their agreement to writing; and that while dictating a provision with respect to a bond to be executed, with a second mortgage to be given by plaintiff on the premises he was to receive from defendant, plaintiff interrupted and said "he did not wish to go on the bond," but assigned no reason therefor, and that plaintiff's wishes were acquiesced in, and defendant's attorney stated that a bond "was not necessary," and that his understanding was that no bond was to be given at all; but he claims that he understood that the mortgage was to be made "holding," and that plaintiff was to be obligated to pay it, and that he supposed that the clause incorporated in the contract with respect to the execution of a bond by another was put in because the law required a bond. The plaintiff's broker testified that he informed defendant that plaintiff would not give a bond, and that, before going to the attorney's office to have the contract drawn, defendant agreed to have the bond and mortgage executed by his wife, or by a dummy, before the conveyance of his premises to plaintiff, and that at the time the contract was signed nothing was said about a bond, and that the contract was prepared by the attorney before the parties arrived. The testimony of the plaintiff is substantially the same on those points as that of his broker.

[1, 2] It is claimed by the defendant that the contract itself rendered the plaintiff personally liable for the indebtedness. We are of opinion that that is not its true construction. The plaintiff was the party of the second part to the contract, which recited that the difference between the values of the respective premises over and above incumbrances should be deemed to be $5,500, and it was then provided as follows:

"And that sum shall be due and payable as follows, by the party of the second part to the party of the first part."

Then follow two provisions with respect to payments by checks aggregating $2,500. The contract then provides as follows:

"Three thousand dollars ($3,000) by a bond and purchase-money mortgage of the party of the second part."

After provisions with respect to the interest and terms of payment, the contract contains a provision written in on the typewriter as follows:

"It is understood and agreed, however, that the bond in connection with said purchase-money mortgage need not be executed by the party of the second part in person, but may be executed by any person."

The plaintiff read the contract before signing it, but I am of opinion that that alone does not charge him as matter of law with knowledge that he was to become personally liable even if that be its effect. In view of the special provision by which the plaintiff was not to be required to execute the bond, although it was contemplated according to the contract as written that a bond should be executed by some one, I am of opinion that the contract should not be construed as rendering the plaintiff liable on the mortgage, which according to the contract was to be executed by him.

[3] But this appeal does not depend upon the true construction of the contract. When the contract was consummated by a conveyance by the respective parties, no bond was executed or required. The mortgage was prepared by the attorney for the defendant, who had it typewritten, and it consisted of five sheets of typewriting paper. As drafted and executed, it is susceptible of, if it does not require, the construction that the mortgagor is personally liable for the indebtedness secured thereby. The plaintiff also admits that he read the mortgage before signing it. He did not take counsel, and he evidently supposed that it had been reduced to writing in accordance with his agreement with the defendant. The defendant testified that, when the mortgage was executed, his attorney advised the plaintiff that he would be personally liable for the mortgage debt; but the plaintiff testified that at that time the attorney merely stated that he had concluded not to require any bond, and that it was understood that he was not to be personally liable. He also testified that he did not know that the effect of the covenant in the mortgage was to make him liable. The facts must be considered in the light of the conceded fact that the plaintiff refused to execute a bond, which renders it highly probable that he was desirous of avoiding personal liability. In those circumstances, it is not improbable that he was misled into executing the mortgage containing a covenant rendering him personally liable, and, if so, he is entitled to the relief sought. Final judgment in his favor cannot be awarded on this appeal, for the judgment is in effect a nonsuit. The plaintiff, however, made a prima facie case for the reformation of the mortgage, and it was error to dismiss the complaint.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and SCOTT, J., concur. McLAUGHLIN and DOWLING, JJ., dissent.